ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2020-Jan-27 14:09:45
60CV-20-801
C06D06 : 11 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY ARKANSAS

| | |
|---|---|
| CBE TENNIS, INC., CANNON FLETCHER, BILL DIRST, and ERIC KORITA<br>    Plaintiffs,<br><br>v.<br><br>COLONY SPECIALTY INSURANCE COMPANY a/k/a COLONY INSURANCE COMPANY; ARGO GROUP US, INC.; and TIMOTHY DUNLAVEY,<br>    Defendants. | Case No: _____ |

### COMPLAINT

Come now the Plaintiffs, CBE Tennis, Inc., Cannon Fletcher, Bill Dirst, and Eric Korita, by and through their attorneys, Conner & Winters, LLP, and for their Complaint against the Defendants, Colony Specialty Insurance Company a/k/a Colony Insurance Company, Argo Group US, Inc., and Timothy Dunlavey, state and allege as follows:

### PARTIES, JURISDICTION AND VENUE

1.   The Plaintiff, CBE Tennis Inc., is an Arkansas corporation with its principal place of business located at 6213 Father Tribou St., Suite 1A, Little Rock, Pulaski County, Arkansas 72205.

2.   The Plaintiff, Cannon Fletcher, is the President and Treasurer of CBE Tennis, Inc., and a resident of Pulaski County, Arkansas.

**EXHIBIT 1**

1

3. The Plaintiff, Bill Dirst, is the Secretary and Registered Agent of CBE Tennis, Inc., and a resident of Boone County, Arkansas.

4. The Plaintiff, Eric Korita, is the Vice President of CBE Tennis, Inc., and a resident of Pulaski County, Arkansas.

5. This action arose out of events associated with an insurance policy issued by Colony Specialty Insurance Company to CBE Tennis, Inc.

6. The aforementioned insurance policy was issued and purchased in Arkansas.

7. The Defendant, Colony Specialty Insurance Company, which sometimes does business as Colony Insurance Company (hereinafter "Colony Specialty"), is registered with the Arkansas Insurance Department. The Arkansas Insurance Department lists its designated agent for service of process as Corporation Service Company, 300 S. Spring Street, Suite 900, Little Rock, Arkansas 72201, with its principal place of business located in Columbus, Ohio. Upon information and belief, Colony Specialty Insurance also claims its principal place of business is located at 8720 Stony Point Parkway Suite 400, Richmond, Virginia, and its registered agent may be served at PO Box 469011, San Antonio, Texas 78246.

8. The Defendant, Argo Group US, Inc. (hereinafter "Argo Group"), is the parent company of Colony Specialty Insurance Company, incorporated in Delaware, with its principal places of business and registered agent of service located at 175 East Houston Street, Suite 1300, San Antonio, TX 78205.

9. Upon information and belief, Defendant, Timothy Dunlavey, is a Senior Technical Claims Specialist for the Argo Group located in Springfield, Massachusetts.

10. This Court has jurisdiction over the parties and subject matter of this action.

11. Venue is proper in that the majority of the acts complained herein occurred in Little Rock, Pulaski County, Arkansas. Most of the communications and documentation exchanged between the parties relating to the claims at issue in this action were either sent to, or received from, Plaintiffs' office located in Pulaski County, Arkansas.

## STATEMENT OF MATERIAL FACTS

12. The Plaintiff, CBE Tennis, Inc. ("CBE"), purchased an insurance policy from Colony Specialty, a member of the Argo Group, which took effect on August 4, 2017 ("Insurance Policy"). The policy period for the Insurance Policy ended on August 4, 2018.

13. According to Section II of the Insurance Policy, CBE and the "executive officers" and directors of CBE are included as insureds, which includes all of the Plaintiffs, Bill Dirst, Eric Korita, Cannon Fletcher, and the named insured, CBE.

14. Section I of the Commercial General Liability Coverage Form of the Insurance Policy also states that the Defendants, Colony Specialty and/or Argo Group, will ***"have the right and duty to defend the insured against any 'suit' seeking"*** damages and that the Defendants will "pay those sums that the insured becomes legally obligated to pay as damages . . . ." Insurance Policy, Section I(1)(a) (emphasis added).

15. Section IV of the Insurance Policy requires the to notify Colony Specialty should a lawsuit be filed against them.

16. Section IV of the Insurance Policy further provides that the insureds agree to "[c]ooperate with [Colony Specialty] in the investigation or settlement of the claim *or defense against the 'suit'*. . . ." Insurance Policy, Section IV(2)(c)(3) (emphasis added).

17. On or about October 4, 2017, CBE entered into an agreement with Pinnacle Country Club ("PCC") for the renovation and rebuilding of certain clay tennis courts ("PCC Project"). The work for the PCC Project was completed in early 2018.

18. On July 9, 2019, PCC filed a lawsuit in Benton County Circuit Court against the Plaintiffs related to the work performed on the PCC Project (the "Lawsuit"). *See New Champions Golf & Country Club of Arkansas Limited Partnership d/b/a Pinnacle Country Club vs. Cannon Fletcher, Eric Korita, Bill Dirst and CBE Tennis, Inc.*, Benton County Circuit Court Case No. 04CV-19-1602 (July 9, 2019).

19. Within days of becoming aware of the Lawsuit, Plaintiffs sent copies of the Lawsuit, and other documents served upon them, to Colony Specialty for assistance and representation.

20. In response, Colony Specialty sent a letter to CBE on July 26, 2019, acknowledging the claim and stating that Mr. Timothy Dunlavey would be the adjuster assigned to handle the Lawsuit and that all information should be provided to Defendants.

21. On July 29, 2019, Plaintiff Cannon Fletcher received a voicemail from Mr. Dunlavey regarding the Lawsuit, explaining that Colony Specialty's attorney would get an extension filed on behalf of the Plaintiffs, and that he would make sure Plaintiffs were "protected" by filing an Answer for them to the Lawsuit.

22. Later that day, Plaintiff Cannon Fletcher had a phone call with Mr. Dunlavey, in which he reiterated that Colony Specialty's attorney would take care of the Lawsuit on behalf of the Plaintiffs.

23. For the next few weeks, Plaintiffs continued to attempt to contact Defendants regarding the Lawsuit and their defense. However, Defendants did not maintain contact with or respond to Plaintiffs' attempted and repeated communications.

24. Unbeknownst to Plaintiffs, a Default Judgment was entered in the Lawsuit on September 12, 2019, in the amount of $ 331,258.00, to be divided joint and severally amongst each of the Plaintiffs (hereinafter "Default Judgment").

25. On October 15, 2019, Plaintiff Cannon Fletcher sent an email to the email address provided by Colony Specialty requesting an update about the Lawsuit and Defendants' actions therein. On that same date, the insurance agent of the Plaintiffs also sent an email to Colony Specialty requesting an update on the status of their defense of the Lawsuit.

26. On October 18, 2019, during a phone call with Cannon Fletcher, Mr. Dunlavey stated he had "dropped the ball" and failed to represent Plaintiffs in the Lawsuit. Additionally, on October 18, 2019, during a phone call with Plaintiffs' insurance agent, Mr. Dunlavey stated that the Lawsuit had "slipped through the cracks" and that his "top priority" was to "figure out what's going on."

27. That same day, October 18, 2019, Plaintiffs became aware that a Default Judgment had been entered in the Lawsuit.[1] Plaintiffs discovered the Default Judgment when Plaintiff Bill Dirst's wife visited the bank to withdraw money from their account and was advised by the bank that the funds had been seized by PCC pursuant to a Writ of Garnishment.

28. To date, PCC has seized money from two of the Plaintiffs pursuant to Writs of Garnishment issued in the Lawsuit.

---

[1] Plaintiffs did not receive a copy of the Default Judgment until late November 2019.

29. Additionally, on or about that same day (October 18, 2019), Defendants stated for the first time that only some of the claims in the Lawsuit would be covered under the Insurance Policy.

30. Despite their obligations and promises to do so, Defendants have failed to represent and protect Plaintiffs in the Lawsuit by defending the claims asserted therein by PCC. Defendants failed to fulfill their duty to defend the Plaintiffs in the Lawsuit.

31. Due to Defendants' failure, CBE's business has been effectively destroyed. Also, because the Default Judgment includes a judgment for fraud, the reputations of the Plaintiffs have been negatively impacted. As a result, the Plaintiffs will continue to suffer significant monetary damages.

## COUNT I: BREACH OF CONTRACT

32. Plaintiffs incorporate herein by reference the preceding paragraphs as if set forth word-for-word herein.

33. Plaintiffs, along with Colony Specialty and the Argo Group, entered into a valid and enforceable contract, *i.e.* the Insurance Policy.

34. Pursuant to this contract, Colony Specialty and the Argo Group agreed to defend lawsuits brought against CBE, and the remaining Plaintiffs as insureds, for alleged acts and omissions occurring during the course of the Insurance Policy period.

35. In return, CBE agreed to pay Colony Specialty and the Argo Group valuable consideration.

36. CBE, and the other Plaintiff insureds, have performed their obligations under the contract, namely paying Colony Specialty and the Argo Group the premium charged for the Insurance Policy and timely notifying them of the Lawsuit.

37. As set forth herein, Colony Specialty and the Argo Group failed to defend Plaintiffs in the Lawsuit, resulting in a Default Judgment being entered against Plaintiffs.

38. Colony Specialty and the Argo Group further failed to communicate with Plaintiffs regarding the Lawsuit.

39. Therefore, Colony Specialty and the Argo Group have breached their obligations under the contract.

40. As a result of Colony Specialty and the Argo Group's breach, Plaintiffs have incurred damages.

41. As a result of the Defendants' acts and omissions, the Plaintiffs have suffered damages. These damages include, but are not limited to, the amount of the Default Judgment, the value of CBE Tennis, Inc., damages to their reputations, monies taken from their bank accounts, and attorney's fees.

42. Therefore, on Count I, Judgment should be entered in favor of Plaintiffs and against Defendants, jointly and severally, in excess of the amount required for diversity jurisdiction in federal court. Furthermore, the judgment should bear pre- and post-judgment interest.

43. In addition, such Judgment should include all costs and reasonable attorneys' fees incurred by Plaintiffs in order to present arguments in the Lawsuit and as incurred herein.

## **COUNT II: BAD FAITH**

44. Plaintiffs incorporate herein by reference the preceding paragraphs as if set forth word-for-word herein.

45. Despite their agreement with Plaintiffs as well as their promises and assurances to Plaintiffs, Defendants failed to provide a defense to the Lawsuit and represent the interests of the Plaintiffs therein.

46. Defendants delayed and ultimately failed to defend Plaintiffs in the Lawsuit, resulting in the entry of the Default Judgment against Plaintiffs.

47. To cover up their failures, Defendants attempted to set limitations under the Insurance Policy regarding the Lawsuit claims only **after** the Default Judgment had been entered against Plaintiffs, apparently in order to avoid the obligations owed to Plaintiffs. Such conduct constitutes bad faith.

48. Plaintiffs have been damaged by Defendants' bad faith.

49. The allegations in the Lawsuit include, among other things, fraud. Such allegations are now set forth in the public record and are incorporated in the Default Judgment against Plaintiffs.

50. As a result of the Defendants' acts and omissions, the Plaintiffs have suffered damages. These damages include, but are not limited to, the amount of the Default Judgment, the value of CBE Tennis, Inc., damages to their reputations, monies taken from their bank accounts, and attorney's fees.

51. Therefore, on Count II, Judgment should be entered in favor of Plaintiffs and against Defendants, jointly and severally, in excess of the amount required for diversity jurisdiction in federal court. Furthermore, the judgment should bear pre- and post-judgment interest.

52. In addition, Plaintiffs are entitled to punitive damages against the Defendants.

## COUNT III: NEGLIGENCE

53. Plaintiffs incorporate herein by reference the preceding paragraphs as if set forth word-for-word herein.

54. Defendants undertook a duty in which it was obligated to defend the Lawsuit on behalf of Plaintiffs in a proper and reasonable manner, and to otherwise protect them in the Lawsuit.

55. Furthermore, Defendants represented to Plaintiffs that they would "protect" the Plaintiffs by securing counsel for them and defending the Lawsuit.

56. Plaintiffs relied upon such representations by not securing independent counsel and instead relying on Defendants to defend the Lawsuit.

57. As set forth herein, Defendants breached this duty by failing to present a defense in the Lawsuit, resulting in the Default Judgment being entered against Plaintiffs.

58. Defendants failed to defend or otherwise protect Plaintiffs' interests as related to the Lawsuit.

59. As a proximate cause of such breach, Plaintiffs have incurred damages, which are set forth herein.

60. As a result of the Defendants' acts and omissions, the Plaintiffs have suffered damages. These damages include, but are not limited to, the amount of the Default Judgment, the value of CBE Tennis, Inc., damages to their reputations, monies taken from their bank accounts, and attorney's fees.

61. Therefore, on Count III, Judgment should be entered in favor of Plaintiffs and against Defendants, jointly and severally, in excess of the amount required for diversity jurisdiction in federal court. Furthermore, the judgment should bear pre- and post-judgment interest.

62. In addition, Plaintiffs are entitled to punitive damages against the Defendants.

## COUNT IV: PROMISSORY ESTOPPEL

63.     Plaintiffs incorporate herein by reference the preceding paragraphs as if set forth word-for-word herein.

64.     Defendants promised and assured Plaintiffs that it would retain counsel for them in order to defend the Lawsuit and no further action was necessary on their behalf Defendants promised that it would "protect" the Plaintiffs in the Lawsuit.

65.     Defendants expected that Plaintiffs would rely upon such assurances and promises.

66.     Plaintiffs reasonably relied upon Defendants' assurances and promises to their detriment and did not independently retain counsel to defend them in the Lawsuit.

67.     Defendants failed to defend the Lawsuit, resulting in the Default Judgment being entered against the Plaintiffs in the amount of $331,258.00.

68.     As a result of the Defendants' acts and omissions, the Plaintiffs have suffered damages. These damages include, but are not limited to, the amount of the Default Judgment, the value of CBE Tennis, Inc., damages to their reputations, monies taken from their bank accounts, and attorney's fees.

69.     Therefore, on Count IV, Judgment should be entered in favor of Plaintiffs and against Defendants, jointly and severally, in excess of the amount required for diversity jurisdiction in federal court. Furthermore, the judgment should bear pre- and post-judgment interest.

70.     In addition, Plaintiffs are entitled to punitive damages against the Defendants.

WHEREFORE, the Plaintiffs, CBE Tennis, Inc., Cannon Fletcher, Bill Dirst, and Eric Korita, respectfully request that Judgment be entered in their favor and against the Defendants, Colony Specialty Insurance Company, Argo Group US, Inc., and Timothy Dunlavey, jointly and severally, in the amounts set forth herein; for their costs and attorneys' fees incurred herein,

together with pre-judgment interest on such Judgment; punitive damages as set forth herein; and for all other relief which they may be entitled to receive.

>Respectfully submitted,
>
>CBE TENNIS, INC., CANNON FLETCHER, BILL DIRST, and ERIC KORITA
>Plaintiffs
>
>
>By: */s/ Todd P. Lewis*
>   Todd P. Lewis
>   Ark. Bar No. 96226
>   Emily C. Mizell
>   Ark. Bar No. 2016227
>   CONNER & WINTERS, LLP
>   4375 N. Vantage Dr., Suite 405
>   Fayetteville, Arkansas 72703
>   Telephone: 479-582-5711
>   Facsimile: 479-587-1426
>   Email: tlewis@cwlaw.com
>   Email: emizell@cwlaw.com